IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

J.D., FATHER OF A.D., A CHILD,

      Appellant,

 v.                                     Case No.  5D15-4112

DEPARTMENT OF CHILDREN AND FAMILIES,

      Appellee.

_____/

Opinion filed May 5, 2016

Appeal from the Circuit Court
for Seminole County,
Julian E. Collins, Judge.

Sara Howeller, Oviedo, for Appellant.

Gale Forman Collins, Appellate Counsel,
Guardian ad Litem Program, Sanford, for
Guardian ad Litem.

Rosemarie Farrell, Children's Legal
Services, Department of Children and
Families, Orlando, for Appellee.

PER CURIAM.

      J.D. ("Appellant"), father of A.D., a child, appeals the trial court's order adjudicating

A.D. dependent. Appellant argues, and the Department of Children and Families properly

concedes, that no competent, substantial evidence supports the trial court's finding that

Appellant and A.D.'s mother subjected A.D. to abuse as defined by section 39.01(2), Florida Statutes (2015). We agree and reverse the order adjudicating A.D. dependent.[1]

REVERSED.

SAWAYA, BERGER, and WALLIS, JJ., concur.

---

[1] We note that the Guardian ad Litem Program ("GAL") does not concede error, arguing that we must affirm because the order adjudicating A.D. dependent makes findings regarding A.D.'s mother, who did not appeal. We disagree that Appellant lacks standing to challenge the trial court's order in its entirety. Reversal of a dependency adjudication is appropriate where only one parent appeals, despite findings relating to both parents. See, e.g., S.D. v. Dep't of Children & Family Servs., 42 So. 3d 938, 940 (Fla. 2d DCA 2010).